IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br>      Plaintiff<br><br>v.<br><br>LEADGEN SALES AND MARKETING<br>LLC and OKIE OLEN MILLER,<br>Individually<br>      Defendants | §<br>§<br>§<br>§   Civil Action No. 1:20-cv-00435-RP<br>§<br>§<br>§<br>§<br>§ |

# DEFAULT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND MONETARY RELIEF

On April 23, 2020, Plaintiff sued Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(g) ("TCPA"), the Texas Telemarketing Disclosure and Privacy Act, Tex. Bus. & Com. Code § 304.001 et seq. ("Texas No Call Act"), and the Texas Deceptive Trade Practices – Consumer Protection Act, Tex. Bus. & Com. Code 17.41 et seq. ("DTPA").

Defendants were properly served with a copy of the complaint and summons. Pursuant to Fed. R. Civ. P. 55(a), the Court entered a default against Defendants on July 21, 2020.

Plaintiff has moved for entry of a default judgment on all counts of the Complaint against Defendants pursuant to Fed. R. Civ. P. 55 (b)(2). The Plaintiff State of Texas's Motion for Entry of Default Judgment is hereby granted, and **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

## I. FINDINGS

THE COURT NOW FINDS that:

1. This Court has jurisdiction over the subject matter of this case and there is good cause to believe that it has jurisdiction over all parties hereto.

2. Venue and service of process are proper.

3. This action was initiated by Plaintiff State of Texas under the TCPA, the Texas No Call Act, and the DTPA. Plaintiff State of Texas seeks permanent injunctive relief and monetary relief as a result of Defendants' illegal telemarketing practices. The Plaintiff State of Texas has the authority pursuant to each of the foregoing statutes to seek the relief it has requested.

4. Defendants were served with the Complaint and Summons as required by Fed. R. Civ. P. 4(e) and 4(h).

5. Defendants were personally served with process on April 27, 2020, at their place of business located at 5700 Memorial Hwy., Ste. 221, Tampa, Florida 33615.

6. Defendants have failed to file an answer to the Complaint within the time set forth in Fed. R. Civ. P. 12(a), or to otherwise defend this action.

7. Default was entered against Defendants on July 21, 2020. The Plaintiff State of Texas is therefore entitled to a default judgment pursuant to Fed. R. Civ. P. 55(b).

8. Defendants have done business in Texas.

9. Defendant Miller participates in the day-to-day operations of Defendant Leadgen and has directly participated in the conduct described in Plaintiff's Original Complaint or has acted as the guiding spirit or central figure that has authorized the conduct described in Plaintiff's Original Complaint.

10. Defendants are aware of the federal and state telemarketing laws aimed at protecting the privacy of Texas consumers.

11. Defendants have placed calls to residential numbers using prerecorded messages.

12. Defendants have placed calls to cell phones in Texas using prerecorded messages.

13. Between February 25, 2020 and April 2, 2020, Defendants made telemarketing calls to at least 69,160 Texas consumers who were registered on the Federal No-Call List. Defendants did not have the consent of such consumers to call such consumers and did not have an existing or prior business relationship with such consumers.

14. Defendants made telemarketing calls to Texas consumers who were registered on the Texas No-Call List. Defendants did not have the consent of such consumers and did not have an existing or prior business relationship with such consumers.

15. Defendants have committed 69,160 knowing violations of 47 U.S.C. 227(c)(3)(F) and 47 C.F.R. § 64.1200(a)(2) by calling the telephone number of a resident of the State of Texas whose number was registered on the national do-not-call registry.

16. Defendants have committed knowing violations of 47 U.S.C. 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200(a)(1)(iii), 64.1200(a)(2), and 64.1200(a)(3) by making and/or causing to be initiated unsolicited telephone calls to Texas consumers' cell phones and residential land lines using an artificial or prerecorded voice.

17. Defendants have committed knowing violations of Tex. Bus. & Com. Code § 304.052 by placing a telemarketing call to the telephone number of a person in Texas whose number was properly registered on the Texas do-not-call registry.

19. Defendants have committed violations Tex. Bus. & Com. Code § 17.46(b)(2) by creating confusion as to the source of the health plans it purported to offer.

20. Defendants have committed violations Tex. Bus. & Com. Code § 17.46(b)(5) by representing that the health plans it purported to offer had sponsorship, approval, characteristics, uses, or benefits that they did not have.

21. It is proper in this case to issue a permanent injunction prohibiting Defendants from making telemarketing calls in violation of the TCPA, the Texas No Call Act, and the DTPA, as detailed in Section III below.

22. It is further proper in this case to enter a monetary judgment against Defendants for statutory damages pursuant to the TCPA in the amount of $3,458,000.

23. It is proper in this case to award Plaintiff its reasonable attorneys' fees and court costs in the amount of $31,926.00.

24. Entry of this Order is in the public interest.

## II. DEFINITIONS

**IT IS FURTHER ORDERED** that as used in Section III of this Order, the following definitions shall apply:

1. "Federal No-Call List" means the database of telephone numbers of persons who have registered with the Federal Government as requesting not to receive telemarketing calls.

2. "Texas Area Code" means any current or future area code that covers a geographic region in the State of Texas, including the following area codes:

    210
    214

        254
        281
        325
        361
        409
        430
        432
        469
        512
        682
        713
        737
        806
        817
        830
        832
        903
        915
        936
        940
        956
        972
        979

3. A "Texas Consumer" means any person whose telephone number includes a Texas Area Code.

4. "Texas No-Call List" means the database of telephone numbers of consumers in the State of Texas who registered with the Public Utility Commission (or its agent) pursuant to section 304.051 of the Texas No Call Act as requesting not to receive telemarketing calls.

5. "Texas Telephone Number" means any telephone number containing a Texas Area Code.

### III. INJUNCTION

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who

receive actual notice of this ORDER by personal service or otherwise, are hereby restrained and enjoined from:

1. Placing any telephone call or causing to be initiated any telephone call to Texas consumers' cell phones or residential telephone lines using an artificial or prerecorded voice;

2. Placing any telephone call or causing any telephone call to be placed to any Texas Telephone Number that has been placed on the Federal No-Call List or the Texas No-Call List;

3. Placing any telephone call to a Texas Consumer unless Defendants, immediately after making contact with the consumer, identifies (i) himself or herself by name; (ii) the business on whose behalf the telephone solicitor is calling; and (iii) the purpose of the call;

4. Misrepresenting, directly or indirectly, that Defendants have any affiliation or connection with the Federal Government;

5. Misrepresenting the characteristics, uses, or benefits of any health insurance plan; and

6. Causing confusion or misunderstanding as to the source of any health insurance plan.

## IV. MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

1. Judgment is hereby entered against Defendants, jointly and severally, in the amount of THREE MILLION FOUR HUNDRED FIFTY-EIGHT THOUSAND DOLLARS AND NO CENTS ($3,458,000.00) as statutory damages pursuant to the TCPA.

2. Judgment is further entered against Defendants, jointly and severally, in the amount of THIRTY-ONE THOUSAND NINE HUNDRED TWENTY-SIX DOLLARS AND NO CENTS ($31,926.00) as Plaintiff's reasonable attorneys' fees and court costs.

3. The amounts set forth in the preceding Paragraphs IV (1) and (2) of this Order shall become immediately due and payable by Defendants upon entry of this order, and interest computed at the rate prescribed under 28 U.S.C. 1961, as amended, shall immediately begin to accrue on the unpaid balance.

4. The penalties owed by Defendant are payable to and for the benefit of a governmental unit and they are not compensation for actual pecuniary loss.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this matter for all purposes.

IT IS SO ORDERED, this 4th day of November 2020.

*/s/ Robert Pitman*
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE